IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANCE CHAFFIN and LAUREEN CHAFFIN, husband and wife, a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>SHOSHONE COUNTY, IDAHO, a political subdivision of the state of Idaho; and CHUCK REYNALDS, in his individual and official capacities as Sheriff, Shoshone County, Idaho,<br><br>Defendants. | CASE NO. CV 03-455-N-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court for its consideration are the following motions: 1) Defendants' motion for summary judgment (docket # 27), filed April 29, 2005; and 2) Plaintiffs' third motion to amend/correct the second amended complaint (docket # 53), filed July 15, 2005. The Court reviewed all of the pleadings submitted in connection with the motions and, having also heard oral argument, makes its rulings as follows.

**Memorandum Decision and Order - Page 1**

I.

**Background.**

Plaintiff Rance Chaffin is a Shoshone County Sheriff's Deputy who was employed as a patrol deputy and was reassigned to duties as a detention deputy. Rance Chaffin alleges that when Sheriff Reynalds made the reassignment, it was an adverse employment action and disciplinary measure taken against him in retaliation for his political expression and that of his wife, Plaintiff Laureen Chaffin. The Chaffins supported Reynalds' opponent in an election for Sheriff. Reynalds allegedly told employees not to come to work with bumper stickers on their cars expressing support for his political opponent, and allegedly enacted a "gag" order prohibiting employees from expressing negative comments about the Department and threatened termination if they did so.

In addition, Rance Chaffin alleges that Reynalds took the adverse action because Chaffin refused to carry out what Chaffin deemed to be the Sheriff's illegal and improper directives. Reynalds allegedly directed that the Department cease all purchases from local businesses who supported his political opponent, that Deputies were not to enforce laws against Reynalds' supporters or against the family members of local political figures, and Reynalds directed Deputies to rigidly enforce laws against owners of drinking establishments. Chaffin challenged the directives and engaged in "internal whistleblowing."

As a result of Chaffin's whistleblowing activities, and those of his wife (who ran the campaign of Reynalds' political opponent), Chaffin alleges that he was subjected to an adverse employment action when he was involuntarily transferred from the position of patrol to detention deputy, which he alleges is a less prestigious position, has resulted in a loss of income due to the

loss of opportunity to work overtime and holidays, resulted in the loss of use of a Sheriff's Department vehicle to drive back and forth to work in, resulted in the loss of promotion opportunities, and has had a chilling effect on his First Amendment rights of free speech and freedom of association.

Plaintiffs brought suit against Shoshone County and Sheriff Reynalds, in his individual and official capacities, alleging constitutional rights violations, civil rights violations under 42 U.S.C. § 1983, and a whistleblower action pursuant to Idaho Code § 6-2101, *et seq.*

## II.

## Standard of review.

Motions for summary judgment are governed by Fed. R. Civ. P. 56. Rule 56, which provides in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]

The United States Supreme Court has made it clear that under Rule 56, summary judgment is required if the nonmoving party fails to make a showing sufficient to establish the existence of an element which is essential to his case and upon which he/she will bear the burden of proof at trial.[2] If the nonmoving party fails to make such a showing on any essential element of his case, "there can be 'no genuine issue as to any material fact,' since a complete failure of

---

[1] Fed. R. Civ. P. 56(c).

[2] *See Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986).

proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[3]

Under Rule 56 it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue is "genuine" when there is "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial,"[4] or when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5] The Ninth Circuit cases are in accord.[6]

### III.

### Defendants' motion for summary judgment.

The Court will first address the Chaffins' state law claims, followed by a discussion of the issues raised by the claims alleged under federal law.

**A.    Plaintiffs' claim under the Idaho Protection of Public Employees Act.**

In the third claim for relief, Plaintiffs allege a claim for violation of Idaho's "whistleblower" statute, Idaho Code § 6-2104. Idaho Code 6-610(2), however, requires the posting of a bond "[b]efore *any* civil action may be filed against *any* law enforcement officer" if the "action arises out of, or in the course of, the performance of his duty." *Id.* (emphasis added).

---

[3]     *Id.* at 323. *See also* Rule 56(e).

[4]     *Hahn v. Sargent*, 523 F.2d 461, 463 (1st Cir. 1975) (quoting *First Nat'l Bank v. Cities Serv. Co., Inc.,* 391 U.S. 253, 289 (1968)), *cert. denied,* 425 U.S. 904, 96 S. Ct. 1495, 47 L.Ed.2d 754 (1976).

[5]     *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986).

[6]     *See British Motor Car Distributors, Ltd. v. San Francisco Automotive Industries Welfare Fund*, 882 F.2d 371 (9th Cir. 1989).

No bond was posted in this case.  However, Plaintiffs have moved to amend their second amended complaint (docket # 53), and assert that allowing them to file the bond now will not result in any prejudice to Defendants.

The failure to post a bond may be raised by a defendant and objected to "at any time during the course of a civil action against a law enforcement officer."  Idaho Code § 6-610(4). In that event, "the judge *shall* dismiss the case."  Idaho Code § 6-610(5) (emphasis added). Pursuant to this express statutory language, the Court is constrained from allowing Plaintiffs the opportunity to cure the defect of having previously failed to file a bond by allowing them to now amend their complaint.  Accordingly, the motion to amend the second amended complaint must be denied.  In addition, the Defendants' motion for summary judgment as to Plaintiffs' third claim, as alleged under state law, must be granted and the claim will be dismissed without prejudice.

**B)     Plaintiffs' first claim - violation of First Amendment rights.**

Plaintiffs have alleged that Reynalds violated Rance Chaffin's First Amendment rights to free speech and freedom of association by enacting a "gag order" prohibiting the expression of any "negative" comments about the Department outside the Department, as well as for allegedly threatening to take disciplinary action against Mr. Chaffin for the Plaintiffs' support of Reynalds' political opponent.

**1)     The right to free speech.**

The United States Supreme Court addressed the issue of a public employee's constitutionally protected right to free speech or freedom of expression. In *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), the Court affirmed the principle

**Memorandum Decision and Order - Page 5**

that a state cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression.  Further, the Court held that, in determining the scope of a public employee's First Amendment rights of free speech, the Court must seek "a balance between the interests of the employee, as a citizen, in commenting upon matters of public concern and the interests of the state, as an employer, in promoting the efficiency of the public services it performs through its employees."  *Id.* at 568.  For instance, in *Pickering*, a high school teacher had been dismissed for openly criticizing the board of education on its allocation of funds between athletics and education.  Pickering's speech was found by the Court to be safeguarded under the First Amendment as "a matter of legitimate public concern" upon which "free and open debate is vital to informed decision-making by the electorate."  *Id*. at 571-72.

       Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record.  *Connick v. Myers*, 461 U.S. 138, 147-48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).  According to the allegations contained in the second amended complaint, Chaffin did not actually seek to inform the public that Reynalds was allegedly not discharging his duties properly, nor did he seek to bring to light alleged actual or potential wrongdoing or breach of the public trust issues on the part of Reynalds.  According to the complaint, Chaffin only engaged in "internal whistleblowing."  (Plaintiffs' second amended complaint, docket # 25, at ¶ 14 and ¶ 16.)

       If Chaffin had expressed his concerns to the public, some of his concerns may have been viewed as issues of public concern, i.e. that laws were allegedly not to be enforced against local

**Memorandum Decision and Order - Page 6**

politicians or their families, but others would be viewed perhaps as being of a personal nature arising out of the fact that Chaffin chose to support Reynalds' political opponent.

Chaffin views Reynalds' "gag order" as a personal affront that infringed upon his First Amendment Right to freedom of speech protection. The record, however, does not support these allegations for several reasons. First, there is no evidence to support an argument that the "gag order" was aimed solely at Chaffin. The order(s) were issued via e-mail to what appears to be all Department personnel, telling the employees that matters concerning the Department are not to be discussed outside the Department. This is not an unusual policy for an employer to have, especially a public employer who wants to avoid having the public confidence in the public agency undermined.

Second, there is no evidence in any of Reynalds' "gag order" communications that they are motivated by or connected to any conduct by Chaffin, or that they were issued as a result of Chaffin's support of Reynalds' political opponent. Chaffin has not provided any testimony or evidence by way of affidavit to demonstrate this. At least part of the time, reminders of the "gag order" were included in e-mails from the Sheriff that addressed a number of matters, and not solely that issue.

Third, Reynalds' memo to the Department employees, which stated that all "political" bumper stickers were banned from vehicles driven by employees who were parking under the building, was in fact retracted a few days after it was issued with Reynalds' apologies. (Supplemental affidavit of Murphey, docket # 31, at depo. exh. 2 & 3.) Again, these were memos to all Department employees, and the first memo did not specifically ban bumper stickers

**Memorandum Decision and Order - Page 7**

supporting Reynalds' opponent, it banned all "political" stickers. Because Reynalds retracted the ban, this becomes a non-issue.

Finally, and perhaps most importantly, the so-called "gag order" was not anything new, but was actually a policy that was consistent with the Shoshone Sheriff's Department's written policies and procedures, which are part of the record[7], and which require officer loyalty and that Department matters not be communicated outside the agency.

The alleged "gag order" was not an impermissible infringement of Chaffin's First Amendment rights as a public employee. The *Pickering* balance requires full consideration of the government's interest in the effective and efficient fulfillment of its responsibilities to the public. Over one hundred years ago, the Supreme Court noted the government's legitimate purpose in "promoting efficiency and integrity in the discharge of official duties, and to maintain proper discipline in public service." *Ex parte Curtis*, 106 U.S. 371, 373, 1 S.Ct. 381, 27 L.Ed. 232 (1882). The limitation on communications outside the Department applied to all employees equally and was set as a matter of written policy. Reynalds' communications in this regard by e-mail did not so much constitute "gag orders" as they did reminders of existing policy and enforcement of it. This was permissible and in the interest of the Sheriff's Department, as an employer, to promote the efficiency of the public services it performs through its employees. *Pickering*, 391 U.S. at 568.

Accordingly, Defendants' motion as to Plaintiffs' first claim under the First Amendment for freedom of speech violations is granted.

---

[7] See: Shoshone County Deputy Sheriff's Code of Ethics (Supplemental Affidavit of Murphey, docket # 31, at depo. exh. 1); Canons of Police Ethics (*Id.* at exh. 9); and Sheriff's Manual (Supplemental Affidavit of Murphey, docket # 32, at depo. exh. 22, § 300.035.)

    **2)  The right to freedom of association.**

As to Plaintiffs' first claim under the First Amendment for freedom of association, Plaintiffs allege that support for and participation in the campaign of Reynalds' political opponent was an exercise of their right to freedom of association. Mr. Chaffin alleges that he was penalized at work for his association with the political opponent when Reynalds enforced the "gag order" and when he took the alleged adverse employment action of transferring Chaffin to detention duty.

  Chaffin's support for Reynalds' political opponent was something that he was doing outside of his work as a public employee. Indeed, he alleges in his complaint that his activities in support of Reynalds' opponent did not impair or interfere with his duties as a deputy, although he does state that he "openly supported Sheriff Reynalds' political opponent by handing out election cards, by verbally expressing his support, and by asking other to support the Sheriff's opponent... ." (Plaintiffs' second amended complaint, docket # 25, at ¶ 10 and ¶ 27.) These activities, as Plaintiffs correctly assert, were personal activities by him for which Reynalds allegedly penalized Chaffin by taking adverse employment action(s) against him.

  Under these circumstances, however, the freedom of association violation claim is not cognizable. As the Supreme Court held in *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed. 708 (1983):

> We hold only that when a *public employee* speaks not as a citizen upon matters of public concern, but instead as an *employee* upon matters *only of personal interest,* absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of personnel decision[s] taken by a public agency allegedly in reaction to the employee's *behavior*.

**Memorandum Decision and Order - Page 9**

*Id*. at 147 (emphasis added), *citing Bishop v. Wood*, 426 341, 349-350, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

Under the circumstances alleged by Chaffin, a constitutional law claim will not lie against his public employer for its personnel decision.  Chaffin may have other causes of action available to him, but a freedom of association claim for a violation of First Amendment rights is not one of them.  Accordingly, Defendants' motion for summary judgment as to this aspect of Plaintiffs' first claim must also be granted.

      **C)**      **Plaintiffs' second claim - Civil Rights action under 42 U.S.C. § 1983.**

In their second claim, brought under § 1983, Plaintiffs allege that, in enacting the "gag order" and taking the adverse employment action of transferring Chaffin to detention duty, the Defendants deprived Chaffin of his First and Fourteenth Amendment rights.  In addition, Plaintiffs allege that Reynalds retaliated against Chaffin for filing this suit.

The Court already determined that the Plaintiffs' claims of First Amendment rights violations must be dismissed.  This leaves the allegation that the Defendants violated Chaffin's Fourteenth Amendment rights.  The nature of Plaintiffs' alleged Fourteenth Amendment violation is not completely clear because the allegations in the complaint only somewhat vaguely refer to adverse employment action having been taken in retaliation for Chaffin's support of Sheriff Reynold's opponent.  However, in their brief in opposition to the Defendants' motion for summary judgment, they state that:

> The Chaffins do not, however, allege due process violations and do not contend that Defendants deprived Mr. Chaffin of a liberty or property interest.  Their claims under § 1983 rest instead on infringement of Mr. Chaffin's free speech and association rights under the First and Fourteenth Amendments to the United States Constitution.

**Memorandum Decision and Order - Page 10**

(Plaintiffs' brief in opposition, docket # 38, at 2.)

Plaintiffs go on to state that the Defendants have "completely missed the point of this lawsuit," and in fact set up a "straw man," when they argued that Chaffin does not have a constitutionally protected liberty or property interest.

The Court disagrees with Plaintiffs' view of their case. First, Plaintiffs no longer have viable free speech or freedom of association claims as a result of the above analysis. Second, Plaintiffs' § 1983 claim for a violation of Fourteenth Amendment rights, as alleged, asserts that Chaffin was retaliated against and suffered an adverse employment action, which would appear to invoke issues of substantive or procedural due process violations, based on whether Chaffin may have had a protected liberty or property interest. Finally, Plaintiffs do not cite to a single case under § 1983 which is on point with their allegations of First and Fourteenth Amendment violations. The Court sees no other manner of reviewing the Fourteenth Amendment claim other than to apply a due process analysis.

A § 1983 case that is on point is *Stiesberg v. California*, 80 F.3d 353 (9th Cir. 1996). Stiesberg was a captain in the California Highway Patrol who returned from vacation to find that he had been involuntarily transferred from his position as commander of the North Sacramento area to that of commander of the Air Operations Division. It was a lateral transfer with no adverse affect on rank, pay, or privileges, however, Stiesberg believed that the transfer was punitive because officers under his command had issued a number of citations to the daughters of the Highway Patrol's highest ranking official.

The Ninth Circuit stated that the threshold requirement finding a substantive or due process violation is the plaintiff's showing of a liberty or property interest protected by the

**Memorandum Decision and Order - Page 11**

Constitution.  "A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from existing rules or understandings that stem from an independent source such as state law."  *Stiesberg*, 80 F.3d at 356.  Even in the instance that a public employee is subjected to intended disciplinary conduct which amounts to a constructive demotion, no protected liberty or property interests are implicated in the absence of a protected interest.  *Stiesberg*, 80 F.3d at 357, *citing Altman v. Hurst,* 734 F.2d 1240, 1242-43 (7th Cir.) (per curiam), *cert. denied,* 469 U.S. 982 (1984).

In this case, Chaffin has not demonstrated that he had some type of property right in his former position that would prevent him from being transferred to another position.  He has only expressed that his personal, unilateral expectations were not met.  However, he is not entitled to the things that he alleges that he lost, e.g. the use of the Department car to drive to and from work, the loss of access to overtime hours, etc.  These are not entitlements and Chaffin has not shown that he had a protected right not to be transferred, either under Department rules or another source, such as state law.  His unilateral expectations, without more, do not involve any federally cognizable liberty or property interest and do not give rise to a Fourteenth Amendment violation.  See *Stiesberg*, 80 F.3d at 357.  Therefore, the elements of a 42 U.S.C. § 1983 claim cannot be satisfied.  The Defendants' motion for summary judgment as to Plaintiffs' second claim is granted.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) Defendants' motion for summary judgment (docket # 27), filed April 29, 2005, is GRANTED; and:

   A) The first and second claims in Plaintiffs' second amended complaint are dismissed with prejudice.

   B) The third in Plaintiffs' second amended complaint, as alleged under state law, is dismissed without prejudice.

2) Plaintiffs' third motion to amend/correct the second amended complaint (docket # 53), filed July 15, 2005, is DENIED.

DATED: December 5, 2005

_____
Honorable Mikel H. Williams
United States Magistrate Judge